

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
Royal Palm Insurance Company,  :  08 Civ. 11232 (AKH)

Plaintiff(s),  :

-against-  :  **CIVIL CASE MANAGEMENT PLAN**

Guy Carpenter & Company, Inc.,  :

Defendant(s).  :
-----------------------------------------------------------X

After consultation with counsel for the parties, the following Case Management Plan is adopted. This plan is also a scheduling order pursuant to Rules 16 and 26(f) of the Federal Rules of Civil Procedure.

A. The case (is) (is not) to be tried to a jury. [Circle as appropriate].

B. Non-Expert Discovery:

1. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. All non-expert discovery is to be completed by September 30, 2009 which date shall not be adjourned except upon a showing of good cause and further order of the Court. Interim deadlines for specific discovery activities may be extended by the parties on consent without application to the Court, provided the parties are certain that they can still meet the discovery completion date ordered by the Court.

    a. The parties shall list the contemplated discovery activities and anticipated completion dates in Attachment A, annexed hereto.

2. Joinder of additional parties must be accomplished by May 21, 2009.

3. Amended pleadings may be filed without leave of the Court until May 21, 2009.

Page 1 of 5

C. For all causes of action seeking monetary damages, each party shall identify and quantify in Attachment B, annexed hereto, each component of damages alleged; or, if not known, specify and indicate by what date Attachment B shall be filed providing such information.

D. Motions, Settlement, Second Pre-Trial Conference, and Expert Discovery:

1. Upon the conclusion of non-expert discovery, and no later than the date provided below, the parties may file dispositive motions. The parties shall agree to a schedule, and promptly submit same for the Court's approval, providing for no more than three rounds of serving and filing papers: supporting affidavits and briefs, opposing affidavits and briefs, and reply affidavits and briefs. The last day for filing dispositive motions shall be October 30, 2009 (Counsel shall insert a date 30 days after the completion date for non-expert discovery.)

    a. There shall be no cross-motions. Any motions not made by the agreed date shall, unless the court orders otherwise, not be considered until after the timely-filed motion is determined.

    b. Papers served and filed by the parties shall conform to the requirements set out in the Court's Individual Rules.

2. Either before or after the motion schedule set out above, counsel for the parties shall meet for at least two hours at the office of plaintiff's counsel, to discuss settlement. The date for the meeting is October 1, 2009 at 11 a.m. (Counsel shall insert a date but, at the option of either, the date may be canceled upon the service or filing of a dispositive motion and notice to the court.)

3. Approximately one week thereafter, the parties shall meet with the Court for a Second Case Management Conference to discuss the status of the case, the status and prospects of settlement and whether alternative disputes-resolution procedures should be utilized, the need for and a schedule regulating experts and expert-discovery, a discovery bar date, and any other issue counsel or the Court wish to discuss. The Case Management Conference will be held on [the parties propose 10/9/09] at ___ .m. (The Court will set this date at the Initial Case Management Conference.)

E. Any request for relief from any date provided in this Case Management Plan shall conform to the Court's Individual Rules, and include an order, showing consents and disagreements of all counsel, setting out all dates that are likely to be affected

Page 2 of 5

by the granting of the relief requested, and proposed modified dates. Unless and until the Court approves the proposed order, the dates provided in this Plan shall be binding.

F.  A final pre-trial conference will be held on a date to be set, as close as possible to the date that trial is expected to begin. The parties, three days before said meeting, shall submit their pre-trial order, conforming to the Court's Individual Rules and, at the conference, deliver their exhibit books containing all exhibits the parties actually intend to offer at the trial.

G.  Pre-Trial Motions:

Applications for adjournments and for discovery or procedural rulings will reflect or contain the positions of all parties, as provided by the Court's Individual Rules, and are not to modify or delay the conduct of discovery or the schedules provided in this Case Management Plan except upon leave of the Court.

SO ORDERED.

DATED:   New York, New York

May 1, 2009

ALVIN K. HELLERSTEIN
United States District Judge

O:\AKH\Forms\CivilCaseMgmtPlan

## ATTACHMENT A

The Parties are to list the discovery activities (i.e., production of documents, number of depositions, requests to admit, interrogatories) and anticipated completion dates:

| DISCOVERY ACTIVITIES | COMPLETION DATE |
|---|---|
| 1. Service of initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) | On or before May 8, 2009 |
| 2. Service of initial requests for production | On or before May 22, 2009 |
| 3. Service of responses and objections to requests for production | On or before thirty (30) days after service of requests for production |
| 4. Service of requests to admit | On or before August 1, 2009 |
| 5. Issuance of third-party subpoenas | On or before August 1, 2009 |
| 6. Service of notices of deposition* | On or before August 15, 2009 |
| 7. Service of interrogatories | On or before August 31, 2009 |
| 8. Service of responses and objections to interrogatories | On or before thirty (30) days after service of interrogatories |
| 9. | |
| 10. | |

*The parties estimate a need for approximately five (5) depositions per side. This number is subject to revision after disclosure and document production.

## ATTACHMENT B

For all causes of action seeking monetary damages, each party shall identify and quantify each component of damages alleged:

### 1. PLAINTIFF'S CLAIMS:

On its breach of contract and breach of the covenant of good faith and fair dealing claims, Plaintiff Royal Palm Insurance Company ("Royal Palm") is seeking the following monetary damages: The amount owed to Royal Palm under the Brokerage Services Agreement ("BSA") with Defendant Guy Carpenter & Company, Inc., ("Guy Carpenter") for the year commencing June 1, 2007. This amount is calculated at 40% of the brokerage earned and received by Guy Carpenter, based on reinsurance premium paid by Royal Palm.

Pursuant to the terms of the BSA, Royal Palm's 40% share of the brokerage earned and received by Guy Carpenter for the year commencing June 1, 2007 is approximately $3.7 million. Royal Palm is also seeking interest and costs, including reasonable attorneys' fees.

### 2. COUNTERCLAIMS AND CROSS-CLAIMS:

On its breach of contract counterclaim, Counterclaim Plaintiff Guy Carpenter & Company, LLC ("Guy Carpenter") is seeking monetary damages in the amount of brokerage it would have earned under the BSA in "Year 3" of the Agreement (commencing June 1, 2008) had Royal Palm not wrongfully terminated the BSA more than fifteen months prior to the expiration of the agreed-upon three-year term. The amount of the brokerage that Guy Carpenter would have earned under the BSA in "Year 3" is within the knowledge of Royal Palm, and will be elicited during fact discovery. Guy Carpenter presently estimates such damages to be in excess of $3 million. Guy Carpenter is also seeking an award of all applicable interest, costs and disbursements as provided by law.

### 3. THIRD-PARTY CLAIMS:



**FOLEY & LARDNER LLP**

April 22, 2009

**ATTORNEYS AT LAW**

90 PARK AVENUE
NEW YORK, NY 10016-1314
212.682.7474 TEL
212.687.2329 FAX
foley.com

WRITER'S DIRECT LINE
212.338.3523
sbober@foley.com EMAIL

**BY HAND**

Hon. Alvin K. Hellerstein
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 1050
New York, NY 10007-1312

   Re: *Royal Palm Ins. Co. v. Guy Carpenter & Co., Inc.*, Civil Case No.
      08-11232 (AKH)

Dear Judge Hellerstein:

  We represent Plaintiff Royal Palm Insurance Company in the above-referenced action. In connection with the Federal Rules of Civil Procedure Rule 16 conference scheduled for May 1, 2009, at 9:30 a.m., enclosed please find the parties' Civil Case Management Plan.

              Respectfully submitted,

              Sandra A. Bober

Enclosure

cc: Paul R. Monsees, Esq.
   Foley & Lardner LLP
   3000 K Street, N.W.
   Washington, DC 20007-5143
   *Attorneys for Plaintiff Royal Palm Insurance Company*

   Jonathan D. Perry, Esq.
   Dechert LLP
   1095 Avenue of the Americas
   New York, NY 10036

   Steven B. Feirson, Esq.
   Dechert LLP
   Circa Centre
   2929 Arch Street
   Philadelphia, PA 19104
   *Attorneys for Defendant Guy Carpenter & Company, Inc.*

| BOSTON | JACKSONVILLE | NEW YORK | SAN FRANCISCO | TOKYO |
| --- | --- | --- | --- | --- |
| BRUSSELS | LOS ANGELES | ORLANDO | SHANGHAI | WASHINGTON, D.C. |
| CENTURY CITY | MADISON | SACRAMENTO | SILICON VALLEY | |
| CHICAGO | MIAMI | SAN DIEGO | TALLAHASSEE | |
| DETROIT | MILWAUKEE | SAN DIEGO/DEL MAR | TAMPA | |