

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

ROYAL PALM INSURANCE COMPANY, )
)
Plaintiff, )
)
v. ) 08 CV 11232 (AKH)
)
GUY CARPENTER & COMPANY, INC., ) **STIPULATED PROTECTIVE**
) **ORDER**
Defendant, )
_____ )
)
GUY CARPENTER & COMPANY, LLC, )
successor to Guy Carpenter & Company, Inc., )
)
Counterclaim Plaintiff, )
)
v. )
)
ROYAL PALM INSURANCE COMPANY, )
)
Counterclaim Defendant. )
_____ )

Plaintiff/Counterclaim Defendant Royal Palm Insurance Company ("Plaintiff") and Defendant Guy Carpenter & Company, Inc. and Counterclaim Plaintiff Guy Carpenter & Company, LLC (together, "Defendant") hereby stipulate and agree, subject to the approval and order of the Court, that the following terms and procedures shall govern their access to and use of materials and information exchanged during discovery in this matter, including material and information exchanged prior to the date of execution of this Stipulation.

1. "Confidential Material" is defined as all documents, information, testimony or things produced during discovery or filed with the Court which a party: (i) believes contains, reflects or otherwise discloses trade secrets; proprietary financial information or strategic marketing information, including financial records and information, budgets, business plans or

marketing plans; documents for which a party has contractual confidentiality obligations; or other information of a non-public, commercially sensitive or proprietary nature; and (ii) designates it as such, in accordance with the procedures set forth in paragraph 5.

2.    In designating information as Confidential Material, a party shall make such a designation only as to discovery material which that party in good faith believes is confidential and which the party would normally not reveal to third parties or, if disclosed, would require third parties to maintain in confidence. Confidential Material shall be used by the parties solely for the prosecution or defense of the claims and counterclaims asserted in this litigation. No Confidential Material disclosed in this action may under any circumstances be disclosed or disseminated to non-parties, except as provided herein, and the parties shall not use Confidential Material disclosed by another party in the conduct of their business or for any reason other than the purposes of this litigation.

3.    Confidential Material may be disclosed only to the following persons and to no others, including without limitation government agencies or investigating bodies, except pursuant to lawful process, reasonable advance notice of which is to be provided to the party designating such material as confidential:

    (a)    The attorneys working on this action on behalf of any party, and their respective associates, paralegals, clerks and employees involved in the conduct of this litigation;

    (b)    The parties hereto, and their officers, directors and employees;

    (c)    Outside experts, consultants or vendors retained by a party for the purpose of preparing or assisting in this litigation, and their respective clerks and employees involved in assisting them in this litigation, to the extent deemed necessary by counsel;

    (d)    The Court and the Court's staff;

(e) Stenographers, videographers, and other qualified personnel;

(f) Deposition or trial witnesses with respect to whom the attorney for the examining party believes in good faith that disclosure of Confidential Material should be made in order to conduct relevant examinations of such witnesses on topics about which the attorney in good faith believes the witnesses may have relevant information. In the case of a witness who is not a party to this action and who has not previously agreed to be bound by the terms of this Stipulation, the attorney conducting the examination shall limit disclosure of Confidential Material by any means practicable (*i.e.*, redaction or severance of nonrelevant portions) to that which is in good faith required to conduct a meaningful examination of the witness, and shall show all counsel a copy of said redacted document before showing it to the witness. Any witness who has not agreed to be bound by this Stipulation may only be shown copies of Confidential Material, in accordance with the requirements of this sub-paragraph, but may not be provided a copy of any Confidential Material to retain for any period of time. Any violation of this provision, or objection by counsel to showing the document to the witness, shall entitle the objecting party to suspend the deposition as to the offending questions, or lines of questioning, and to apply to the Court for a Protective Order or other appropriate relief;

(g) Any person indicated on the face of the document to be its originator or author or a recipient thereof; and

(h) Any other person, either with the prior written consent of the party who has designated such information as Confidential Material or pursuant to an order of the Court.

4. The persons described in paragraphs 3(b), (c), (e), (f), (g) and (h) shall have access to the "Confidential Material" only after they have been made aware of the provisions of this Stipulation and have manifested their assent to be bound thereby by signing a copy of the

Acknowledgment of Confidentiality Statement (the "Statement") annexed hereto as Exhibit A. Executed copies of the Statements shall be maintained by counsel who discloses Confidential Material to the signatory and is to be provided to all other counsel of record.

     5.     The parties shall designate Confidential Material as follows:

     (a)     In the case of documents, designation shall be made by placing the following legend on each page of any such document prior to production: "CONFIDENTIAL" or similar legend identifying documents as Confidential Material.

     (b)     In the case of depositions, counsel for any party, or any deponent in this action, who in good faith reasonably believes that any portion of his or her testimony discloses any sensitive information of a nonpublic nature, may designate such portions as Confidential Material by advising the reporter of the designation. The reporter shall designate the portion of the transcript (including exhibits) which contains Confidential Material by placing the legend "CONFIDENTIAL" on each page of the transcript containing such material and shall separately bind such portions of the transcript indicating that Confidential Material is contained therein.

     (c)     Any party may designate documents or portions of deposition transcripts as containing Confidential Material even if not initially marked as such in accordance with the terms of this Stipulation by so advising counsel for each party in writing within ten (10) business days of the receipt of the document or deposition transcript which the party wishes to designate as confidential information. Thereafter each such document or transcript shall be treated in accordance with the terms of this Stipulation. Any person served with written notice of any such designation of previously produced documents or deposition transcripts as containing confidential information shall thereafter treat such information as if it had been designated as

Confidential Material at the time such person first received it in connection with this action and shall mark all copies of such documents in his, her, or its possession accordingly.

(d) A party who seeks to file with the Court any document which has previously been designated as comprising or containing Confidential Material or any pleading, brief or memorandum which reproduces, paraphrases or discloses Confidential Material, shall ~~provide all other parties with seven (7) days' written notice of its intent to file such material with the Court and identifying the specific Confidential Material, so that the producing party may file by order to Show Cause a motion to seal such Confidential Material. The Confidential Material shall not be filed until the Court renders a decision on the motion to seal. In the event the motion to seal is granted, all documents which are the subject of an order to seal shall be filed in sealed envelopes on which shall be endorsed the caption of this litigation, the words "CONFIDENTIAL MATERIAL—SUBJECT TO STIPULATED PROTECTIVE ORDER" as an indication of the nature of the contents, and a statement in substantially the following form: "This envelope, containing documents which are filed in this case by [name of party], is not to be opened nor are the contents thereof to be displayed or revealed other than to the Court, the parties and their counsel of record, except~~ by order of the Court ~~or consent of the parties."~~

[handwritten margin note: comply with Ruling / AKH / Rule 4]

6. A party shall not be obligated to challenge the propriety of a "Confidential Material" designation made by another party at the time it is made, and failure to do so shall not preclude a subsequent challenge thereto. A party may challenge such designation by sending written notice to the other party. The parties shall attempt to resolve any challenge in good faith on an informal basis. If the challenge cannot be resolved in that manner, either party may apply for an appropriate ruling from the Court. In the event that a party challenges such designation, such party shall provide to the other party reasonable prior written notice of its application.

5

7.      In the event that Confidential Material is used in any Court hearing or other proceeding, it shall not lose its Confidential Material status through such use, and the parties shall take all steps reasonably required to protect its confidentiality during such use, but subject to orders of the Court balancing the parties desires and needs with the public nature of judicial proceedings and records.

8.      Counsel for either party shall have the right to exclude from depositions any person, other than the deponent and the court reporter, who is not authorized under this Protective Order to receive "Confidential Material" information. Such exclusion shall be applicable only during periods of examination or testimony directed to or comprising information which has been designated as Confidential Material.

9.      Within sixty (60) days of the termination of litigation between the parties, each party shall return all Confidential Material and all copies thereof to the party which produced it or shall confirm in writing to the producing party that all such documents have been destroyed, except that counsel shall be required to retain copies of documents filed with the Court, transcripts and attorney work product which shall remain subject to this Order.

10.     By this Stipulation, no person waives any right it may have to object to any or all discovery requests on any applicable grounds or to object to the admission on any applicable grounds of any discovery materials as evidence at any trial or hearing. In any proceeding concerning the confidential and proprietary nature of discovery material a party is seeking to protect from disclosure, the parties shall not use production under this Stipulation as ground for an argument that such discovery material is not confidential or proprietary.

11.     The provisions of this Stipulation may be modified or supplemented by agreement of the parties hereto only in writing. Each party hereto reserves the right to apply to

the Court for protection pursuant to, relief from any or all of the provisions of, or protection in addition to that provided by, this Stipulation. This Stipulation shall be binding on each Party once the Stipulation is fully-executed by the Parties, regardless of date of entry of the Protective Order by the Court. Absent written permission of the party disclosing the Confidential Material or order of the Court, the provisions of this Stipulation shall continue to be binding after the conclusion of this action.

12. To the extent that any discovery material has been produced by any party prior to the entry of this Stipulation, the party producing such material may retroactively designate such material as Confidential Material by placing the appropriate legend on such material and providing copies of the material bearing such legends to the other party to replace non-designated copies of the material previously produced. Any document already produced which bears such a legend shall be deemed produced pursuant to this Stipulation.

13. Nothing in this Stipulation shall limit the use by a party or other person of his, her or its document(s) or information even if copies of such document(s) or information have been designated as Confidential Material by the other party.

Dated: June 30, 2009

FOLEY & LARDNER LLP

By: _____
Sandra A. Bober
90 Park Avenue, 37th Floor
New York, New York 10016
(212) 682-7474
(212) 687-2329 (facsimile)
sbober@foley.com

Paul R. Monsees
3000 K Street, N.W., Suite 600
Washington, DC 20007-5143
(202) 672-5300
(202) 672-5399 (facsimile)
pmonsees@foley.com

*Attorneys for Plaintiff/Counterclaim Defendant Royal Palm Insurance Company*

DECHERT LLP

By: _____
Jonathan D. Perry
1095 Avenue of the Americas
New York, New York 10036
(212) 698-3500
(212) 698-3599 (facsimile)
jonathan.perry@dechert.com

Stephen B. Feirson
Circa Centre
2929 Arch Street
Philadelphia, Pennsylvania 19104
(215) 994-4000
(215) 994-2222
steven.feirson@dechert.com

*Attorneys for Defendant Guy Carpenter & Company, Inc., and Counterclaim Plaintiff Guy Carpenter & Company, LLC*

SO ORDERED, as amended

Dated: 7/7/09

_____
ALVIN K. HELLERSTEIN, U.S.D.J.

8

## EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROYAL PALM INSURANCE COMPANY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GUY CARPENTER & COMPANY, INC., ) <br> ) <br> Defendant, ) <br>_____ ) <br> ) <br> GUY CARPENTER & COMPANY, LLC, ) <br> successor to Guy Carpenter & Company, Inc., ) <br> ) <br> Counterclaim Plaintiff, ) <br> ) <br> v. ) <br> ) <br> ROYAL PALM INSURANCE COMPANY, ) <br> ) <br> Counterclaim Defendant. ) <br>_____ ) | 08 CV 11232 (AKH) <br><br> ACKNOWLEDGEMENT OF STIPULATED PROTECTIVE ORDER |

    The undersigned hereby acknowledges that he or she has read the Stipulated Protective Order (the "Stipulation") governing the disclosure of confidential information in the case of *Royal Palm Insurance Company v. Guy Carpenter & Company, Inc.*, Civil Action No. 08-CV-11232 (AKH), United States District Court, Southern District of New York, annexed hereto, and agrees that, with respect to any material disclosed to the undersigned which has been specifically designated as Confidential Material and all information contained therein, he or she shall maintain such material in strict confidence and shall not disclose such material or information to any other person, except in accordance with the terms of the Stipulation.

      The undersigned further agrees that by his or her signature below, the undersigned intends to make a binding agreement with the parties to the above-captioned proceeding to treat all Confidential Material in accordance with the Stipulation and that either party may bring an action to enforce compliance with this agreement and/or seek damages for any violation of this agreement in any court of competent jurisdiction.

Dated: _____               _____
                                                            (signature)

                                                            Print name and address:
                                                            _____
                                                            _____
                                                            _____